**In the Matter of CANTON CASTINGS, INC., Debtor.**

**Bankruptcy No. 689–00751.**

United States Bankruptcy Court, N.D. Ohio, E.D.

June 28, 1989.

David L. Simiele of Krugliak, Wilkins, Griffith & Dougherty Co., L.P.A., Canton, Ohio, for debtor.

Daniel Casamatta, Office of the U.S. Trustee, Cleveland, Ohio.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The Debtor, which is before this court by virtue of the filing of a petition for relief under Chapter 11 of Title 11 of the United States Code, brings a motion for authority to pay accrued vacation benefits. Following an expedited hearing on notice to the 20 largest unsecured creditors, the Union National Bank of Pittsburgh whose cash collateral the Debtor has been authorized to

use pursuant to a previous order entered herein, and the United States Trustee, at which hearing appearances were entered only on behalf of the Debtor, the United Steel Workers of America, AFL–CIO (USWA) representing the Debtor's hourly employees and the United States Trustee, the court took the matter under advisement. The only objection raised was that of the United States Trustee who objected to allowance of the motion, or alternatively, sought a continuance of the hearing until yet-to-be appointed counsel for the Unsecured Creditors' Committee could be heard. The court's separate findings of fact and conclusions of law, entered pursuant to Bankruptcy Rule 7052, follow.

## JURISDICTION

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), which the court may hear and determine.

## FACTS

The parties stipulate that the motion applies only to the Debtor's hourly employees, some 174 in number. Further, they agree that the collective bargaining agreement in question is valid and was in force at the date of filing of the Debtor's Chapter 11 case and continues in effect; that virtually all of the hourly employees were qualified to receive vacation benefits under the agreement as of January 31, 1989 or more than 90 days prior to the date of the Debtor's filing for relief which was on May 15, 1989; that the vacation payments became due on June 23, 1989 when the Debtor's foundry operation was shut down for its annual refurbishing and maintenance work; and that the amount of benefits involved total approximately $269,000.00, including the employer's share of payroll taxes.

## ISSUE

May the Debtor pay vacation benefits to hourly employees covered by a valid and subsisting collective bargaining agreement, which benefits were accrued prior to bankruptcy but are as yet unpaid?

## DISCUSSION

■ The Debtor, with the support of the USWA, agrees that *In re Unimet Corporation*, 842 F.2d 879 (6th Cir.1988) is dispositive of the issue. In that case, the Court of Appeals read 11 U.S.C. § 1113(f)[1] to mean that all provisions of a collective bargaining agreement are binding upon a debtor unless and until rejection is permitted by the court. The *Unimet* case involved payment of premiums for health and life insurance coverage for retirees which, the court held, must be paid in the absence of a rejection of the collective bargaining agreement in the manner prescribed by 11 U.S.C. § 1113(b).

In further support of its position, the Debtor cites *In re St. Louis Globe–Democrat, Inc.*, 86 B.R. 606 (Bankr.E.D.Mo. 1988). There the Chapter 7 trustee of the debtor, which had formerly been operating under Chapter 11, objected to, among other things, employee claims for vacation pay. The trustee asserted that only vacation pay earned between bankruptcy and termination of employment was an allowable expense of administration under 11 U.S.C. § 503(b)(1)(A). The court held that Section 1113 controlled and claims for vacation pay must be honored.

> Since neither the Debtor nor either of its respective trustees ever moved to reject the Agreement, under Section 1113(f) the Agreement and all the terms and conditions thereof must be considered to have been at all relevant times binding upon the Debtor and its estate.

*In re St. Louis Globe–Democrat, Inc.* at 609.

The United States Trustee opposes the motion, arguing the vacation pay claims are no more than general unsecured claims

---

**1.** 11 U.S.C. § 1113(f) provides:
No provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section.

which may not be paid absent a confirmed plan of reorganization.

The court finds no need to become entangled in the argument over the character of the right to vacation pay as either an administrative or unsecured claim, at least under the circumstances here present.

The Debtor is operating an ongoing business, in which it is subject to the terms of a collective bargaining agreement. It has made no effort to reject that agreement and until it does, it is bound thereby. *In re Unimet Corporation, supra.* Absent bankruptcy, the employees, who did not earlier take their vacations, would have received their benefits on June 23, 1989. Otherwise, the Debtor clearly would have been in breach of its contract with the USWA.

■ Apparently, in the exercise of caution, the Debtor has applied to the court for authority to make the vacation benefit payments. It would not, in this court's opinion, have needed to do so. Its authority to operate its business under 11 U.S.C. § 1108 includes its right, indeed its duty, to abide by contracts which it has not sought to abrogate. *See, In re DeLuca Distributing Company,* 38 B.R. 588, 591 (Bankr.N.D. Ohio 1984) and *In re Ohio Ferro Alloys Corporation,* 96 B.R. 795, 796–98 (Bankr.N. D.Ohio 1989) (discussion of "ordinary course of business" activities).

The court concludes that the Debtor may proceed to pay vacation benefits to its hourly employees covered by the collective bargaining agreement with the USWA. An order so directing will issue forthwith, the court further having concluded that additional delay in the payment of earned and already overdue benefits to the employees in question is not warranted. Further input from counsel on behalf of the Unsecured Creditors' Committee, when appointed, would not likely result in a different determination on the issue before the court.